7   649
47  1058

## L. A. Gunst v. Rika Brull et al.

Although the law prohibits a wife from becoming the surety of her husband, yet, if after her husband's death, she borrow money to pay his debts, she will be bound to repay it.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Gedge* and *Hagan*, for plaintiff. *J. S. Whitaker*, for defendant. By the court:

Dunbar, J. This suit is brought to recover of the defendant, *Rika Hernsheim*, now wife of *Israel Brull*, $1160, with eight per cent interest from the 2d of September, 1851, the balance alleged to be due on one of three several promissory notes secured by mortgage.

The defence set up is, that the said notes were given in error, without consideration, and were obtained by fraud. The defendant further alleged, that she had already paid two of these notes in ignorance of her rights; pleads the same in reconvention, and prays that the note sued on may be cancelled.

The district judge ordered the note sued to be cancelled, and the mortgage to be erased. He further gave judgment for defendant, for the sum of $1600, with interest from the 1st of December, 1851; and the plaintiff has appealed.

It appears that the defendant, *Rika Brull*, then the wife of *Joseph Hernsheim*, on the 26th of January, 1843, in the Parish Court of New Orleans, in a suit for separation of property, obtained a judgment against her husband for $4125, with interest from the 26th of January, 1843, and that afterwards, on the 28th of February of the same year, the said judgment was satisfied to the extent of $3359 65, by a sale and transfer, from the husband to the wife, of all the effects, goods, wares and merchandise, furniture and fixtures, contained in a house and store on New Levee street, No. 82.

Several years after this period, *Joseph Hernsheim*, the husband, removed to Roma, in Texas, his wife remaining in New Orleans. It is shown that he was then extensively engaged in commerce when he died, in April, 1849, leaving a large property in Texas, but at the same time owing debts to a considerable amount. The defendant, his widow, qualified as administratrix upon his estate in Louisiana, which was small, and another person qualified as administrator in Texas.

Amongst the creditors who were pressing for their money, both in this city and in Texas, was *Goldsmith, Haber & Co.*, who had a claim agsinst the deceased for $6600. The administrator in Texas came to New Orleans, and, with the assistance of the plaintiff, *Gunst*, and the defendant, effected a compromise of this debt, for $4000. The plaintiff advanced, for defendant, the money that was necessary; and, to secure the repayment of which, she executed the three several notes before mentioned, payable to the order of *Aaron Frank*, who endorsed and delivered them to the plaintiff.

*Frank*, upon being examined as a witness, states, that Mrs. *Hernsheim* took him herself to the notary to sign the act of mortgage; that he endorsed the notes, and, by her order, delivered them to *Gunst*. It appears from other testimony, that the defendant admitted, that the money to effect this settlement had been advanced to her by *Gunst*; that she had given to him her three notes, secured

GUNST
*v.*
BRULL.

by mortgage, to indemnify him, and that she owed $1160 on the remaining note, the balance now claimed by plaintiff.

We can see nothing improper or unlawful in this transaction, either on the part of the plaintiff or the defendant, except the defence she now makes to this suit. It is true, she may not have been *legally bound to pay the debts of her deceased husband*; but, if she desired to do so, and borrowed money for that purpose, she is bound, as well in law as in morality, for *its repayment*. Art. 2412 of the Civil Code, prohibits the wife from becoming the surety of her husband whilst living; but there is no law that prohibits her from the payment of his debts after his death, if she thinks proper.

It is, moreover, proved in this case, that the defendant has received very considerable sums of money from the succession of her husband, both in Texas and Louisiana. We do not, however, consider this material, except so far as the expectation of the receipt of these funds may have influenced her in assuming the responsibility of discharging her husband's debts, and is a strong circumstance, in connection with others, to show that no imposition or fraud has been practiced upon her by the plaintiff, as she now alleges. We cannot agree with the district judge in his opinion that the defendant is an ignorant woman, who has been imposed upon. We think it more probable from the evidence, that the sudden change in her disposition to pay the debts of her deceased husband, has been owing more to the circumstance of her having taken a new spouse, than to her ignorance.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be reversed, and that there be judgment against the defendant, *Rika Brull*, in favor of the plaintiff, for $1160, with eight per cent interest from the 2d of September, 1851, and that his mortgage be recognized as prayed for in his petition, with costs in both courts.